IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT C. BORING,                          :
                                           :
                    Plaintiff,             :          CIVIL NO. 1:12-CV-0419
                                           :
          v.                               :          Hon. John E. Jones III
                                           :
DOCTOR SANDERS, *et al.*,                  :
                                           :
                    Defendants.            :

## MEMORANDUM and O R D E R

March 26, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Robert C. Boring ("Plaintiff" or "Boring"), a state inmate presently

confined at the State Correctional Institution Rockview ("SCI Rockview") in

Bellefonte, Pennsylvania, initiated the above action *pro se* by filing a civil rights

Complaint under the provisions of 42 U.S.C. § 1983.  (Doc. 1.)  Named as Defendants

are members of the SCI Rockview staff, including Marirosa Lamas, Superintendent;

Robert Marsh, Deputy Superintendent; Ted Williams, Medical Director; and Doctor

Sanders, Medical Eye Doctor, as well as Dorina Varner, Chief Grievance Officer for

the Pennsylvania Department of Corrections ("DOC").  (*Id.* at 23.)  Boring alleges that

Defendants have been deliberately indifferent to a serious medical need by denying

his requests for surgery to remove cataracts from his left eye.

Service of the Complaint has been directed by separate order. Presently before the Court is Boring's Motion requesting the appointment of counsel to represent him in this matter. (Doc. 3.) For the reasons set forth below, the Motion will be denied without prejudice.

## I.   LEGAL STANDARD

The Court recognizes that there is neither a constitutional nor a statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. *Tabron,* 6 F.3d at 157-58. The exercise of this discretion, however, is guided by certain basic principles. *Gordon v. Gonzalez,* 232 Fed. Appx. 153, 156 (3d Cir. 2007).

In *Tabron*, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). *Id.* at 155-57. In *Parham*, the Third Circuit identified the following guidelines for appointing counsel

to indigent civil litigants:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law.  If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
>> (1) the plaintiff's ability to present his or her own case;
>>
>> (2) the complexity of the legal issues;
>>
>> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;
>>
>> (4) the amount a case is likely to turn on credibility determinations;
>>
>> (5) whether the case will require the testimony of expert witnesses;
>>
>> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citation omitted).

## II.   DISCUSSION

Our analysis of the above factors suggests that counsel should not be appointed in this case at the present time.  While the Court takes note of Boring's averment that he has made repeated efforts to obtain an attorney through the ACLU and Penn Legal Services without success, and thus a consideration of whether he can attain and afford

counsel on his own behalf would appear to weigh in his favor, we find that Boring has demonstrated an ability to present his case on his own through his Complaint, as well as in his pleadings submitted in a previous case before this Court. *See Boring v. Beard*, *et al.,* Civil No. 4:08-CV-1236. We are mindful of Boring's statement in the instant Motion that he is visually impaired, but observe that, despite this apparent limitation, Boring has presented his claims in his Complaint in a clear and concise manner and has demonstrated an ability to understand and present the legal authority relevant to his claims. We also find based upon our review of the Complaint that the legal issues presented by this case are not overly complicated and that there is no indication that a significant amount of factual investigation will be required for Boring to continue to litigate this action. Finally, while this case may turn, at least in part, on credibility determinations, and Boring expresses concern about his ability to present evidence and cross-examine witnesses at trial, this concern is premature at this very early stage of the case where Defendants have not yet even been served with the Complaint. It cannot be said, at least at this point, that Boring will suffer substantial prejudice if he is required to proceed with litigating this case on his own. This Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Boring's apparent ability to litigate this action, weigh against the

4

appointment of counsel.  Therefore, the instant Motion will be denied.  However, the denial will be without prejudice such that, if future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Plaintiff's Motion to Appoint Counsel (Doc. 3) is **DENIED** without prejudice.


s/ John E. Jones III
John E. Jones III
United States District Judge