IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT C. BORING, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:12-CV-0419 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DOCTOR SANDERS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM and O R D E R**

May 11, 2012

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Robert C. Boring ("Plaintiff" or "Boring"), a state inmate presently confined at the State Correctional Institution Rockview ("SCI Rockview") in Bellefonte, Pennsylvania, initiated the above action *pro se* by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983.  (Doc. 1.)  Named as Defendants are members of the SCI Rockview staff, including Marirosa Lamas, Superintendent; Robert Marsh, Deputy Superintendent; and Ted Williams, Medical Director; Doctor Sanders, a Medical Eye Doctor; and Dorina Varner, Chief Grievance Officer for the Pennsylvania Department of Corrections ("DOC").  (*Id.* at 23.)  Boring alleges that Defendants have been deliberately indifferent to a serious medical need by denying his requests for surgery to remove cataracts from his left eye.

Service of the Complaint was directed by Order dated March 26, 2012. (Doc. 11.) By Memorandum and Order of the same date, Boring's request for the appointment of counsel to represent him in this matter was denied without prejudice. (Doc. 10.) On April 25, 2012, a Motion to Dismiss Boring's Complaint was filed on behalf of Defendants Lamas, Marsh, Williams, and Varner.[1] (Doc. 13.) A supporting brief also was filed. (Doc. 14.) Presently before the Court is a Motion filed by Boring in which he presents his second request for the appointment of counsel and also requests an extension of the time to file his brief in opposition to the pending Motion to Dismiss. (Doc. 18.)

We find that Boring has failed to set forth sufficient special circumstances or factors that would warrant reconsideration of our recent determination that the appointment of counsel is not appropriate based upon our analysis of the *Tabron* factors. *See Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 n.3 (3d Cir. 2007). In his renewed request for appointment of counsel, Boring cites an opinion issued by the United States District Court for the District of New Jersey, *Williams v. Hayman*, 488

---

[1]The Motion to Dismiss was filed by the Office of General Counsel for the DOC, who has entered an appearance on behalf of Defendants Lamas, Marsh, Williams, and Varner. (*See* Doc. 12.) As explained in the brief in support of the Motion to Dismiss, Defendant Sanders is not an employee of the DOC and therefore is not represented by DOC counsel. (*See* Doc. 14 at 1.) On April 26, 2012, counsel entered an appearance on behalf of Sanders. (Docs. 16, 17.) A return of service has not yet been entered on the docket for Defendant Sanders.

F. Supp. 2d 446 (D.N.J. June 11, 2007), in which that Court *sua sponte* determined that the interests of justice required the appointment of pro bono counsel to represent a deaf *pro se* inmate plaintiff.  The plaintiff in that case alleged that he was deaf and was being denied reasonable accommodations at the prison where he was confined in violation of the Americans with Disabilities Act ("ADA"), and also that he was being deprived of adequate medical care.  488 F. Supp. 2d at 447.  The Court determined that the appointment of counsel was necessary because of the plaintiff's limited English reading and writing skills, which impaired his ability to understand court orders and to communicate with the Court, and which were exemplified in his submissions to the Court.  *Id.* at 447, 449.  Boring alleges that he "suffers from limited vision, due to cataracts" and "has limited ability to communicate through reading and writing" and therefore requests the appointment of counsel.  (*See* Doc. 19 at 1.)

The circumstances in *Williams* are distinguishable from Boring's circumstances.  While Boring stated in his brief in support of his first request for counsel that he has to rely on others to assist him in litigating his case, it is apparent from his submissions thus far that, despite any limitations he has on his vision, he nevertheless has been able to present his claims in a clear and concise manner and has

3

demonstrated an ability to understand and present the legal authority relevant to his claims. Thus, while the Court in *Williams* determined that it would be unfair to expect the plaintiff in that case to articulate in written English the legal bases for his claims, Boring already has demonstrated an ability to do that, and therefore, we find no basis to reconsider our decision not appoint counsel. However, our denial again will be without prejudice such that, if future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion.

Boring also has requested an extension of time to file his opposition to the Motion to Dismiss filed on behalf of Defendants Lamas, Marsh, Williams, and Varner. Boring has not specified the amount of additional time he seeks. We find that an extension of twenty-one (21) days is reasonable, and therefore shall grant that extension to Boring.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Second Motion to Appoint Counsel (Doc. 18) is **DENIED** without prejudice.

2. Plaintiff's Motion for an Extension of Time (Doc. 18) to file a brief in opposition to the pending Motion to Dismiss (Doc. 13) is **GRANTED**.

3.  On or before **June 1, 2012**, Plaintiff shall file his brief in opposition to the pending Motion to Dismiss (Doc. 13).

s/ John E. Jones III
John E. Jones III
United States District Judge
