# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROBERT C. BORING, | : | |
| --- | --- | --- |
| | : | Civil No. 1:12-CV-419 |
| Plaintiff | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DR. SANDERS, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

This is a *pro se* civil rights action brought by Robert Boring, a state inmate who was confined at the State Correctional Institution (SCI) Rockview. (Doc. 1.) In his complaint, filed on March 6, 2012, Boring named two prison medical staff, Dr. Sanders and Hospital Care Administrator Ted Williams, as defendants. Boring's complaint also singled out three non-medical correctional supervisors as defendants, Superintendent Marirosa Lamas, Deputy Superintendent Marsh, and Dorina Varner, a Department of Corrections Central Office staff supervisor who oversees inmate grievance appeals. (Id.)

1

Boring's complaint advanced an Eighth Amendment medical deliberate indifference claim, and a related state law medical negligence claim, arising out of the eye care which Boring alleges he has received while in custody. According to the well-pleaded facts set forth in Boring's complaint, the plaintiff suffers from cataracts in both of his eyes, a medical condition which has led to a progressive loss of vision for Boring. In December of 2010, while he was in custody, Boring received surgery to remove these cataracts from his right eye. (Id.) Following this surgery Boring was seen by Dr. Sanders, and requested that surgery be scheduled to remove the cataracts from his left eye. (Id.) Boring alleged that Dr. Sanders refused to schedule this second cataract surgery, telling Boring that his overall vision was now adequate, and further surgery was not required under prison medical policies. (Id.) Voicing a concern that he was becoming blind in his left eye, Boring appealed this medical judgment to Health Care Administrator Williams, who denied his request for this additional cataract surgery on May 4, 2011, stating that his overall vision was now adequate given the successful cataract surgery Boring had received on his right eye in December 2010. (Id.) Boring then filed grievances with Deputy Marsh, Superintendent Lamas, and Ms. Varner, challenging the medical judgments of Dr. Sanders and Defendant Williams. (Id.) Those grievances were denied by these non-medical correctional supervisory staff, who responded to Boring's grievances by

deferring to the judgment of prison medical personnel on the issue of medical necessity of further cataract surgery in his case. (Id.)

Dissatisfied with this response, and concerned that he was losing the vision in his left eye due to cataracts, Boring filed this instant action on March 6, 2012. (Id.) Alleging both deliberate indifference to his medical needs and medical negligence by the defendants, Boring's complaint sought injunctive relief and damages from the defendants. (Id.)

The medical and correctional defendants initially filed motions to dismiss the Eighth Amendment claims lodged by Boring in this complaint, arguing that Boring's pleadings fail to state a constitutional tort claim upon which relief may be granted. (Docs.13 and 23.) On February 13, 2013, we recommended that these motions be granted in part and denied in part. Specifically, we recommended that, with respect to the non-medical correctional officials who simply responded to Boring's grievances and deferred to the judgment of medical personnel on a question of the medical necessity of further surgery, the motions to dismiss should be granted. As for the medical personnel named in Boring's complaint, we recommended that the motions to dismiss be denied, but without prejudice to the filing of a properly documented summary judgment motion. (Doc. 33.) On May 7, 2013, the district court adopted these recommendations in their entirety. (Doc. 35.)

3

We now turn to a second supplemental motion to dismiss filed by Dr. Sanders. (Doc. 29.) This motion seeks dismissal of Boring's state law medical negligence claim, noting that Boring has not fully complied with the requirements of Pennsylvania law by filing a Certificate of Merit as required by Pennsylvania Rule of Civil Procedure 1042.3. With respect to this motion, it appears that Boring did not file a certificate of merit within 60 days of the filing of this complaint, as mandated by the rule. Instead, on June 22, 2012, Boring tendered a document to the court, captioned certificate of merit. (Doc. 26.) Despite its caption, this document is not a certificate of merit, as contemplated by Rule 1042.3, in that it does not set forth that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Id. Nor does it explain that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Id. Instead, this pleading simply parrots the language of Rule 1042.3 without in any fashion complying with that language by providing some proof of the merit of this medical malpractice claim.

The defendants' supplemental motion to dismiss is fully briefed by the parties, and is thus ripe for resolution. For the reasons set forth below, it is recommended that

the motion be granted, in part, as follows: The plaintiff's negligence and medical malpractice claims against Dr. Sanders should be dismissed without prejudice but the plaintiff may continue to proceed with any constitutional tort claim, without prejudice to the defendant filing a summary judgment motion as to that claim..

## II. Discussion

### A. Rule 12(b)(6) - The Legal Standard

Dr. Sanders has filed a motion to dismiss the medical negligence claim set forth in this complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This rule allows litigants to move to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of

Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then

6

> determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify

allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

### B. Boring's Failure to Comply with Rule 1042.3 Compels Dismissal of His Negligence Claim

In order to present a *prima facie* case of medical malpractice under Pennsylvania law, "as a general rule, a plaintiff has the burden of presenting expert opinions that the alleged act or omission of the defendant physician or hospital personnel fell below the appropriate standard of care in the community, and that the negligent conduct caused the injuries for which recovery is sought." Simpson v. Bureau of Prisons, No. 02-2213, 2005 WL 2387631, at *5 (M.D.Pa. Sept. 28, 2005) This requirement is imposed upon malpractice plaintiffs like Boring by Pennsylvania Rule of Civil Procedure 1042.3 which requires the filing a valid certificate of merit along with this malpractice claim or medical negligence claim.

Pa.R.C.P. No. 1042.3 ("Rule 1042.3") provides in pertinent part:

Rule 1042.3. Certificate of Merit

(a) In any action based upon an allegation that a licensed professionals deviated from an acceptable professional standard, the attorney for the

plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either:

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

The requirements of Rule 1042.3 are deemed substantive in nature and, therefore, federal courts in Pennsylvania will apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. Liggon-Reading v. Estate of Sugarman, 659 F.3d 258 (3d Cir. 2011); Iwanejko v. Cohen & Grigsby, P.C., 249 Fed.Appx. 938, 944 (3d Cir.2007); Ramos v. Quien, 631 F. Supp. 2d 601, 611 (E.D. Pa. 2008); Stroud v. Abington Memorial Hosp., 546 F.Supp.2d 238, 248 (E.D.Pa.2008) (noting that Pennsylvania federal courts "have uniformly held that the COM requirement is a substantive rule of law that applies in professional liability actions proceeding in federal court"). Thus, to the extent that Boring wishes

to bring a medical malpractice action, a failure to comply with Rule 1042.3 is a bar to this claim. In this regard, the controlling legal standards can be simply stated:

> Under Pennsylvania law, "[a] certificate of merit must be filed either with the complaint or within sixty days after the filing of the complaint in any action asserting a professional liability claim 'based upon the allegation that a licensed professional deviated from an acceptable professional standard.' " Smith v. Friends Hospital, 928 A.2d 1072, 1074-75 (Pa.Super.Ct.2007) (quoting PA. R. CIV. P. 1042.3). Federal courts have found that this rule constitutes state substantive law and thus applies in federal courts in Pennsylvania pursuant to Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). See Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 510 (E.D.Pa.2005) (citing Chamberlain v. Giampap, 210 F.3d 154, 158-61 (3d Cir.2000), which held that an analogous New Jersey statute was substantive law); Velazquez v. UPMC Bedford Mem'l Hosp.., 328 F.Supp.2d 549 (W.D.Pa.2004). Courts may dismiss cases when a plaintiff fails to file a required certificate of merit. See, e.g., Stroud v. Abington Mem. Hosp., 546 F.Supp.2d 238, (E.D.Pa.2008); Bresnahan v. Schenker, 498 F.Supp.2d 758, 762 (E.D.Pa.2007); McElwee Group, LLC v. Mun. Auth. of Elverson, 476 F.Supp.2d 472, 475 (E.D.Pa.2007) (holding that "failure to submit the certificate is a possible ground for dismissal by the district court, when properly presented to the court in a motion to dismiss).

Brownstein v. Gieda, No. 08-1634, 2009 WL 2513778, *3 (M.D.Pa. Aug. 13, 2009).

This requirement of state law applies with equal force to counseled complaints, and to *pro se* medical malpractice actions brought under state law. See Hodge v. Dept. of Justice, 372 Fed. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of medical negligence claim for failure to file COM); Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007); Levi v. Lappin, No. 07-1839,

2009 WL 1770146 (M.D. Pa. June 22, 2009). Therefore, Boring's status as a *pro se* litigant cannot excuse him from compliance with the substantive state law when bringing this state law claim of malpractice. Id.

Nor can Boring satisfy this requirement by filing a document which recites in a talismanic fashion that it is a certificate of merit and then simply recites the text of Rule 1042.3. A certificate of merit must affirmatively demonstrate "either that (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or ... (2) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Bresnahan v. Schenker, 498 F. Supp. 2d 758, 761-62 (E.D. Pa. 2007). Therefore, where a purported certificate of merit merely recites that the plaintiff possesses knowledge of his case, that filing does not comply with Rule 1042.3, and the plaintiff's malpractice claim may be subject to dismissal. Id. Similarly, a plaintiff may not satisfy Rule 1042.3 by merely acknowledging the requirement of the rule and promising to comply at some future time. Donnelly v. O'Malley & Langan, P.C., 3:CV-08-1945, 2009 WL 3241662 (M.D. Pa. Oct. 2, 2009) aff'd as modified sub nom. Donnelly v. O'Malley & Langan, PC, 370 F. App'x 347

(3d Cir. 2010). Furthermore, a pleading which simply parrots the language of Rule 1042.3 without any further substantive content is inadequate, and cannot save a malpractice claim from dismissal. Rodriguez v. Smith, CIV.A.03-3675, 2005 WL 1484591 (E.D. Pa. June 21, 2005)(dismissal without prejudice where plaintiff files certificate that parrots Rule 1042.3 and concedes in the certificate that a licensed professional has not yet supplied the written statement required under Rule 1042.3(a)(1)).

Given the substantive nature of this requirement under Pennsylvania law, its clear application to medical malpractice claims, and Boring's current failure to fully comply with the rule, it is recommended that Boring's medical malpractice claim be dismissed. In his motion to dismiss, Dr. Sanders invites us to dismiss this claim, and to do so with prejudice. While we agree that Rule 1042.3 compels dismissal of this claim at present, we will decline to recommend a dismissal with prejudice at this juncture. Although the plaintiff's failure to comply with Rule 1042.3 requires dismissal of this malpractice claim, we note that the sanction imposed under state law for a violation of this rule, entry of a non pros by the prothonotary, has no precise analogue in the federal system. Thus, courts have held in this context that "[u]nlike dismissal with prejudice, the entry of non pros is a default judgment that does not bar the plaintiff from commencing another suit based upon the same cause of action."

Bresnahan v. Schenker, 498 F.Supp.2d 758, 762 (E.D. Pa. 2007)(quoting, Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 511 (E.D. Pa. 2004). Moreover, under Pennsylvania law, a party can seek relief from a non pros dismissing a case under Rule 1042.3, by coming into compliance with the rule, showing that there is a meritorious malpractice cause of action, and providing a reasonable explanation or legitimate excuse for then earlier non-compliance. See Womer v. Hilliker, 208 A.2d 269 (2006), see also Pa.R.C.P. No. 3051. Therefore, "[w]hen a plaintiff has failed to submit a certificate or merit or otherwise indicated that he has retained an expert witness, it is appropriate for a federal district court to dismiss his professional malpractice claim without prejudice. See Lopez v. Brady, Civil No. 4:CV-07-1126, 2008 WL 4415585, at *14 (M.D.Pa. Sept.25, 2008) (dismissing FTCA medical malpractice claim without prejudice); Henderson v. Pollack, Civil No. 1:CV-07-1365, 2008 WL 282372, at *5 (M.D.Pa. Jan.31, 2008) (dismissing state law medical malpractice claim); Hartman v. Low Sec. Correctional Ins. Allenwood, No. 4:CV-04-0209, 2005 WL 1259950, at *5 (M.D.Pa. May 27, 2005) (same)." Donnelly v. O'Malley & Langan, P.C., 3:CV-08-1945, 2009 WL 3241662 (M.D. Pa. Oct. 2, 2009) aff'd as modified sub nom. Donnelly v. O'Malley & Langan, PC, 370 F. App'x 347 (3d Cir. 2010). Thus, Boring may still have recourse to the courts on this claim, if he can file a proper certificate of merit and "demonstrate a reasonable explanation or legitimate excuse for untimely

filing." Ramos v. Quien, 631 F. Supp. 2d 601, 612 (E.D. Pa. 2008). However, until Boring takes these steps, and complies with Rule 1042.3, we should dismiss this state tort medical malpractice claim.

For his part, Boring's response to this motion to dismiss does not seriously contest the application of Rule 1042.3 to state law medical tort claims. Instead, Boring asserts that Rule 1042.3 may not bar his constitutional tort claims against Dr. Sanders based upon the Eighth Amendment to the United States Constitution. See Staten v. Lackawanna Cnty., CIV.A. 4:07-CV-1329, 2008 WL 249988 (M.D. Pa. Jan. 29, 2008).

We agree that Boring may still proceed on his §1983 claim of deliberate indifference to his medical needs. This constitutional claim is not subject to Rule 1042.3's certificate of merit requirement. Id. Instead, as we have previously noted, numerous courts have considered the application of the Eighth Amendment in this specific legal-medical context, finding first as a medical matter that serious vision problems like cataracts or glaucoma, conditions which can result in blindness, are generally acknowledged as the type of "serious medical need" which triggers Eighth Amendment scrutiny in a corrections context. See, e.g., Cobbs v. Pramstaller, 475 F. App'x 575, 580 (6th Cir. 2012)(cataract treatment held a serious medical need); Michaud v. Bannister, 2:08-CV-01371-MMD, 2012 WL 6720602 (D. Nev. Dec. 26,

2012) citing Hunt v. Mohr, No. 2:11–cv–653, 2012 WL 1537294, at *4–5 (S.D.Ohio May 1, 2012) (Deavers, J., magistrate judge) (holding that inmate's pleading stated Eighth Amendment cause of action for alleged failure to provide cataract removal) adopted by 2012 WL 2196087 (S.D. Ohio June 15, 2012); Morris v. Corr. Med. Servs., Inc., No. 2:07–cv–10578, 2012 WL 5874477, at *2–3 (E.D.Mich. Nov. 20, 2012) (adopting magistrate judge's recommendation that genuine issue of material existed as to whether failure to remove cataract was a serious medical need); Byrd v. Shannon, No. 09-1551, 2011 WL 780340 (M.D. Pa. Feb. 28, 2011)(Glaucoma constitutes a serious medical need); Mitchell v. Lupert, No. 09-789, 2010 WL 5872264 (M.D. Pa. June 14, 2010)(Glaucoma constitutes a serious medical need); Richardson v. Nassau County, 277 F.Supp.2d 196 (E.D.N.Y. 2003)(same); Caldwell v. District of Columbia, 201 F. Supp.2d 27 (D.D.C. 2001)(same). Henry v. Wilson, No. 06-1439, 131164, *4 (W.D. Pa. Jan. 9, 2008)(same). Because cataracts can be a serious medical concern, and constitute a serious medical need, it follows that a complaint which adequately alleges deliberate indifference by prisoner medical staff to an inmate's cataracts cannot be summarily dismissed at the outset of a lawsuit. See Michaud v. Bannister, 2:08-CV-01371-MMD, 2012 WL 6720602 (D. Nev. Dec. 26, 2012); Richardson v. Nassau County, 277 F.Supp.2d 196 (E.D.N.Y. 2003)(denying

summary judgment motion relating to Eighth Amendment deliberate indifference claim concerning glaucoma treatment).

Yet, while such well-pleaded claims cannot be routinely disposed of as a matter of law on a motion to dismiss, the principles which guide analysis of Eighth Amendment medical claims generally apply with equal force to inmate medical claims premised on prison medical treatment of cataracts. Thus, where it is undisputed as a factual matter that prison medical staff have been providing forms of treatment to an inmate, and the inmate's complaint in essence entails nothing more than a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint may ultimately fail as a constitutional claim under § 1983. Compare Cobbs v. Pramstaller, 475 F. App'x 575, 580 (6th Cir. 2012)(summary judgment on inmate cataract treatment claim on qualified immunity grounds); Potter v. Abraham, 304 F. App'x 24 (3d Cir. 2008)(affirming summary judgment on inmate Eighth Amendment claim relating to treatment of glaucoma); Samonte v. Bauman, 264 F. App'x 634, 635 (9th Cir. 2008)(affirming summary judgment on inmate cataract treatment claim); Byrd v. Shannon, No. 09-1551, 2011 WL 780340 (M.D. Pa. Feb. 28, 2011(summary judgment in favor of defendants on inmate Eighth Amendment claim regarding glaucoma treatment); Wesley v. Murphy No. 08-5551, 2010 WL 2736943 (E.D. Pa. July 12, 2010)(same) with Richardson v. Nassau

County, 277 F.Supp.2d 196 (E.D.N.Y. 2003)(denying summary judgment motion relating to Eighth Amendment deliberate indifference claim concerning glaucoma treatment). However, in all of these instances, the courts' inquiry went beyond an assessment of the pleadings, to a consideration of the undisputed material facts of the case. Thus, in each of these instances, the resolution of the merits of the case awaited a properly documented motion for summary judgment. Therefore, while we will reaffirm that Boring's Eighth Amendment deliberate indifference claim may not be subject to dismissal on the pleadings, we reiterate that this judgment is made without prejudice to the filing of a fully-documented summary judgment motion by the defendant.

**III**. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that Defendant Saunders' supplemental Motion to Dismiss (Doc. 29.) be GRANTED in part as follows: The plaintiff's negligence and medical malpractice claims against Dr. Sanders should be DISMISSED, without prejudice, but the plaintiff may continue to proceed with any constitutional tort claim, without prejudice to the defendant filing a summary judgment motion as to that claim.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23d day of July 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge