# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT C. BORING, | : | |
| | : | 1:12-cv-419 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| DR. SANDERS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

### August 13, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carson (Doc. 50), filed on July 23, 2013, which recommends that we grant the Defendants' supplemental Motion to Dismiss Motion to Dismiss (Doc. 29) in part, thereby dismissing *pro se* Plaintiff Robert C. Boring's state law medical negligence and malpractice claims. Objections to the R&R were due by August 9, 2013 and to date, none have been filed. Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the R&R in its entirety.

1

I.     STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of the matters *sub judice* confirms the Magistrate Judge's determinations.

II.     BACKGROUND

This action was filed by *pro se* Plaintiff Robert C. Boring ("Plaintiff" or "Boring") on March 6, 2012. Plaintiff is a state inmate who is confined at the State Correctional Institution at Rockview. Boring's complaint advances an

2

Eighth Amendment medical deliberate indifference claim and a related negligence claim, arising out of the eye care which Boring alleges he has received while in custody. According to the facts contained in Plaintiff's complaint, in December of 2010, while in custody, he received surgery to remove cataracts from his right eye. Following that surgery, Boring requested that surgery be scheduled to remove the cataracts from his left eye. Boring alleges that Dr. Sanders refused to schedule this second cataract surgery, telling Boring that his overall vision was now adequate and that further surgery was not required under prison medical policies. Boring then appealed the denial of this request to Health Care Administrator Williams, who agreed with Dr. Sanders and stated that Boring's overall vision was adequate in light of the successful surgery on Plaintiff's right eye. Boring then filed grievances with Deputy Marsh, Superintendent Lamas and Ms. Varner, challenging the determinations of Dr. Sanders and Williams. All of Boring's grievances were denied, deferring to the judgment of the medical personnel's determination on the issue of medical necessity for further cataract surgery in Boring's case. Dissatisfied with this outcome, Boring filed the instant litigation.

By previous Order, we adopted this prior recommendation of Magistrate Judge Carlson:

> With respect to the non-medical correctional officials who simply responded to Boring's grievances and deferred to the judgment of medical personnel on a question of the medical necessity of further surgery, the motions to dismiss should be granted. As for the medical personnel named in Boring's complaint, the motions to dismiss should be denied, but without prejudice to the filing of a properly documented summary judgment motion.

(Doc. 33 pp. 3-4). Thus, Defendants Lamas, Marsh and Varner were dismissed as Defendants to this action leaving Defendants Dr. Sanders and Williams as the remaining Defendants in the case.

Thereafter, the remaining Defendants filed a supplemental Motion to Dismiss directed at Plaintiff's state law medical negligence and malpractice claims, arguing that these claims fail inasmuch as Plaintiff has not filed a Certificate of Merit ("COM") as required by the Pennsylvania Rules of Civil Procedure. As noted above, Magistrate Judge Carlson recommends that the Motion be granted and these state law claims be dismissed. For the reasons that follow, we agree.

## III. DISCUSSION

Medical malpractice or negligence claims brought under Pennsylvania law require the filing of a COM pursuant to Pennsylvania Rule of Civil Procedure 1042.3. The COM must include a statement from a licensed professional that there exists "a reasonable probability that the care, skill or knowledge exercised or

exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was the cause in bringing about the harm."  Courts have concluded that the requirements of Rule 1042.3 are substantive in nature, and the filing of a COM is a prerequisite to maintaining a medical malpractice or negligence claim in Pennsylvania.  *Liggon-Reading v. Estate of Sugarman*, 659 F. 3d 258 (3d Cir. 2011).

As noted by Magistrate Judge Carlson, Plaintiff did file a document entitled "Certificate of Merit," however this document is not a COM as required by the rule.  The certificate does not contain any statements by licensed professionals, and is simply not compliant with the rule.  Accordingly, the Magistrate Judge recommends that the Plaintiff's state law medical malpractice and negligence claims be dismissed, and we agree.  Plaintiff's failure to timely file an appropriate COM necessarily dooms these claims.  Plaintiff may, however, still proceed on his §1983 claim of deliberate indifference to his medical needs, and this matter shall be referred back to Magistrate Judge Carlson for pre-trial management of that claim.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (Doc. 50) of Magistrate Judge Carlson is **ADOPTED** in its entirety.

2. The Defendants' Supplemental Motion to Dismiss (Doc. 29) is **GRANTED IN PART** to the extent that the Plaintiff's state law medical malpractice and negligence claims are dismissed for failing to file a Certificate of Merit.

3. This matter is **REMANDED** to Magistrate Judge Carlson for further pre-trial management.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge